**UNITED STATES DISTRICT COURT,
SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NATHALIE CALDERON,

    Plaintiff,

vs.

MERLO AND CO LLC;
THE PATIO, LLC;
MICHELE MERLO, individually; and
TULLIA GASPAROTTO, individually,

    Defendants.

_____/

## **COMPLAINT**

Plaintiff, NATHALIE CALDERON, brings this action against Defendants MERLO AND CO LLC; THE PATIO, LLC; MICHELE MERLO; and TULLIA GASPAROTTO (collectively "Defendants"), and alleges as follows:

1. This is an action for damages brought by Plaintiff, NATHALIE CALDERON, against Defendants, under, *inter alia*, the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is proper and is conferred on this Court by, *inter alia*, 28 U.S.C. §1331. Venue is proper because the events giving rise to this claim arose in this Judicial District.

2. Defendants operate a restaurant located at or around 100 South Pointe Drive, Miami Beach, Florida 33139.

3. At all times material hereto, Plaintiff was a Florida resident and resident of this Judicial District and an "employee" of Defendants as defined by the applicable law referenced herein.

4. At all times material hereto, Defendants, THE PATIO, LLC and MERLO AND CO LLC (**collectively "MCL"**), were Florida limited liability company with principal place of business in South Florida in this Judicial District at or about 100 South Pointe Drive, Miami Beach, Florida 33139, engaged in commerce in the field of restaurant and bar operations, at all times material hereto was the "employer" of Plaintiff as that term is defined under the applicable law referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of Five Hundred Thousand ($500,000.00) Dollars or more.

1

5. At all times material hereto, Defendant, MICHELE MERLO, acted directly and indirectly in the interests of MCL and, thus, was an employer, as that term is defined under the FLSA, including, *inter alia*, under Section 203(d).

6. At all times material hereto, Defendant, TULLIA GASPAROTTO, acted directly and indirectly in the interests of MCL and, thus, was an employer, as that term is defined under the FLSA, including, *inter alia*, under Section 203(d).

7. At all times material hereto, Plaintiff was an employee of Defendants protected by the FLSA, 29 U.S.C. §§ 201-219, and Defendants were employers of Plaintiff subject to the FLSA, as each are defined under the FLSA.

8. MCL is covered by the FLSA's Enterprise Coverage.

9. The Defendants acted jointly as joint employers of Plaintiff. All Defendants are considered Plaintiff's employers; joint employers; acted as joint employers and/or in a joint venture. As to the Defendants:

   a. Defendants may be deemed to share control of Plaintiff, directly or indirectly, by reason of the fact that Defendants controlled, is controlled by, or is under common control with the other Defendants;

   b. The Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff; performed administrative functions in relation to Plaintiff, such as handling payroll, providing benefits, and providing necessary facilities and equipment;

   c. The Defendants controlled Plaintiff's employment condition; directed, controlled, and/or supervised work performed. Further, Plaintiff's work was integral to their business; and/or Plaintiff worked on premises owned and/or controlled by them;

   d. The Defendants share common ownership; have common owners; have overlapping officers, directors, executives, managers and/or employees; are economically dependent on one another; and/or their operations are inter-mingled and they share control over operations, including hiring/firing, payroll, advertising, overhead, and/or costs;

   e. The Defendants supervise one another's work; share supervisory authority for the Plaintiff; share the employees as a pool of employees available to both of them; share clients, customers, agreements, and/or contracts; and/or

   f. The Defendants were not completely disassociated with respect to the employment of Plaintiff and/or there was an arrangement between the employers to share Plaintiff's services.

10. In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants providing kitchen services, including but not limited to those services typically performed by a sous chef. The work performed by the Plaintiff, including food preparation and cooking, was directly essential to the business performed by Defendants.

11. Defendants knowingly, willfully, and improperly refused to pay Plaintiff his/her legally entitled wages. Plaintiff was not paid at all for a significant amount of time worked despite having full knowledge of and being notified of same by Plaintiff. Defendants were fully aware that they were not properly paying Plaintiff. The Defendants intentionally and willfully hid this fact and did not pay Plaintiff the full and proper wages throughout Plaintiff's employment.

12. In approximately October 7, 2017, Defendants hired Plaintiff in the position known as "Sous Chef", or some similar title.

13. Throughout Plaintiff's employment with Defendants, Plaintiff regularly worked in excess of Forty (40) hours per week but Defendants failed to pay Plaintiff time and one-half wages for all of his/her actual overtime hours worked each week as required by the FLSA.

14. Plaintiff was not exempt from the overtime compensation requirements of the FLSA and his/her primary job duties were non-exempt in nature.

15. The primary job duties performed by Plaintiff *did not* involve the exercise of discretion and independent judgment nor were their primary duties administrative support for Defendants' back-of-the house general business operations. To the contrary, Plaintiff was part of Defendants' production workers who provided the core service provided to customers at the restaurant.

16. Plaintiff devoted the majority of his/her working time for Defendants to ministerial tasks and/or manual labor.

17. Plaintiff regularly worked for Defendants in the position known as "Sous Chef" as many as six (6) to seven (7) days per week with varying start times as early as approximately 7:00 a.m. and stop times of 6:00 p.m. or later, depending on the shift Plaintiff was assigned to work by Defendants, working between approximately Sixty (60) to Eighty (80) hours or more during such weeks.

18. Subject to adjustments following discovery: Plaintiff was never compensated at all for hours worked in excess of 55 hours and is, thus, owed the full overtime wages for such

hours; she was only compensated at a flat rate of $850 per week for 55 hours of work.

19. In other words, by agreement the $850 was her compensation for 55 hours of work. However, an employee's right to overtime pay cannot be waived by agreement, and Plaintiff was specifically instructed that she was not being paid overtime (and she was falsely instructed that she was not entitled to overtime).

20. Subject to adjustments following discovery: Plaintiff's FLSA "Regular Rate" was, therefore, approximately an average of $15.45 [$850/55 hours = $15.45], and her "Overtime Rate" was approximately an average of $23.18 [$15.45 * 1.5 = $23.18]. [1]

21. She is owed FLSA overtime and/or FLSA minimum wages for approximately 39 weeks (between approximately October 7, 2017 through approximately July 4, 2018).

22. At all times material to this Complaint, Defendants had knowledge of the hours worked by Plaintiff, but Defendants nonetheless willfully failed to compensate Plaintiff at time and one-half his/her applicable regular rates of pay for all of overtime hours worked for Defendants, with Defendants instead accepting the benefits of the work performed by Plaintiff without paying the time and one-half overtime compensation required by the FLSA, 29 U.S.C. §207.

23. The complete records reflecting the compensation paid by Defendants to Plaintiff are in the possession, custody, and/or control of Defendants.

24. However, Defendants failed to properly implement a time recordation system and, therefore, Plaintiff has a reduced burden and must only demonstrate her hours worked as a matter of reasonable inference.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25. Plaintiff, NATHALIE CALDERON, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26. Plaintiff is entitled to be paid time and one-half of his/her applicable regular rate

---

[1] Subject to adjustments as discovery progresses: in a week in which she worked 70 hours—*but was compensated only a flat fee (straight time) for 55 hours*—she would be owed the difference between her regular rate of pay and overtime rate for the first 15 hours of overtime because the $850 was intended to compensate her for 55 hours of work [15 x $7.73 = $115.95] and her full overtime for the additional 15 excess hours for which she was not compensated at all [15 x $23.18 = $347.70] for a total of $463.65.

of pay for each hour he/she worked for Defendants as a non-exempt employee in excess of Forty (40) hours per work week.

27. Defendants have knowingly and willfully failed to pay Plaintiff time and one-half of his/her applicable regular rates of pay for all hours worked for Defendants in excess of Forty (40) per week.

28. At all times material to this Complaint, Defendants had constructive and actual notice that Defendants' compensation practices did not provide Plaintiff with time and one-half wages for all of his/her actual overtime hours worked based upon, *inter alia*, Defendants knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week, and instead failing to pay time and one-half wages for the overtime hours that Defendants knew have been worked for the benefit of Defendants.

29. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

30. Based upon information and belief, at all times material to this Complaint, Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and Plaintiff is entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

31. Plaintiff has retained the undersigned counsel to represent him/her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

32. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, NATHALIE CALDERON, demands judgment against all Defendants, jointly and severally, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

**LAW OFFICES OF PAUL A. SACK, P.A.**
1210 Washington Avenue, Suite 245

Miami Beach, Florida 33139
Telephone: 305-397-8077
Facsimile: 305-763-8057

By: /s/ PAUL A. SACK, ESQ.
FBN: 363103
Primary: paul@paulsacklaw.com
ps1619@bellsouth.net
R. BRANDON DEEGAN, ESQ.
FBN: 117368
Primary: deegan@paulsacklaw.com